In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00320-CV
_____

IN RE COMMITMENT OF JASON FRANZ SCHOENFELD

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-10-10526 CV

MEMORANDUM OPINION

Jason Franz Schoenfeld appeals from an order of commitment, rendered following a trial in which the jury found Schoenfeld to be a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013) (SVP statute). In one appellate issue, Schoenfeld contends that he was denied the assistance of counsel at a post-petition psychiatric examination, an examination conducted by the State's expert. Because Schoenfeld was not entitled to have counsel present when being examined by the State's expert, a physician, we affirm the trial court's judgment.

1

In October 2012 the State filed a petition alleging that Schoenfeld is a sexually violent predator and seeking his civil commitment. Schoenfeld then asked the trial court to appoint counsel to represent him, and the trial court appointed an attorney with the office of State Counsel for Offenders to do so. Schoenfeld's attorney filed an original answer, and the State filed a motion asking that the trial court require Schoenfeld to undergo an examination by an expert. By order, the trial court authorized the State's expert to examine Schoenfeld in a manner "[c]onsistent with Texas Health and Safety Code § 841 specifications[.]" *See id.* § 841.061(c), (f) (West 2010). On the same day that the trial court ordered the examination, Schoenfeld's attorney filed a document that asserts that Schoenfeld had a right to have counsel present during the examination. Subsequently, the trial court signed an order denying Schoenfeld's request to have counsel present during the examination. The record shows that in December 2012, the State's expert, Dr. Sheri Gaines, examined Schoenfeld, as had been authorized by the trial court's order. During Schoenfeld's trial, she testified about the examination and the role that it played in her risk assessment and evaluation.

In a series of cases decided after Schoenfeld filed his brief, we have rejected the same claims that Schoenfeld raises in his sole issue. For example, in *In re Commitment of Smith*, we observed that "neither the SVP statute nor the

Fourteenth Amendment require that counsel be present during a psychiatrist's post-petition examination." 422 S.W.3d 802, 807 (Tex. App.—Beaumont 2014, pet. denied); *see In re Commitment of Richard*, No. 09-13-00539-CV, 2014 WL 2931852, at *4 (Tex. App.—Beaumont June 26, 2014, no pet. h.) (mem. op); *In re Commitment of Cardenas*, No. 09-13-00484-CV, 2014 WL 2616972, at *4 (Tex. App.—Beaumont June 12, 2014, no pet. h.) (mem. op.); *In re Commitment of Muzzy*, No. 09-13-00496-CV, 2014 WL 1778254, at *1 (Tex. App.—Beaumont May 1, 2014, pet. denied) (mem. op.); *In re Commitment of Speed*, No. 09-13-00488-CV, 2014 WL 1663361, at *1 (Tex. App.—Beaumont Apr. 24, 2014, pet. filed) (mem. op.); *In re Commitment of Lemmons*, 09-13-00346-CV, 2014 WL 1400671, at *1 (Tex. App.—Beaumont Apr. 10, 2014, pet. denied) (mem. op.); *see also In re Commitment of Letkiewicz*, No. 01-13-00919-CV, 2014 WL 2809819, at *11 n.4 (Tex. App.—Houston [1st Dist.] June 19, 2014, no pet. h.) (mem. op.).

Schoenfeld argues that the examination authorized by section 841.061(c) of the Texas Health and Safety Code is a "'stage'" of the proceeding that occurs after the right to counsel attaches under the provisions of section 841.144(a). *See* Tex. Health & Safety Code Ann. §§ 841.061(c), 841.144(a) (West 2010). However, in a reply brief that Schoenfeld filed in his appeal, he concedes that "[t]he assistance of

counsel during the adversarial mental health evaluation does not necessitate the actual *physical* presence of counsel in the interview room."

In this case, the record shows that the trial court appointed counsel to represent Schoenfeld well before the examination occurred. In his brief, Schoenfeld does not argue that the trial court's ruling prevented counsel from providing adequate advice or from protecting Schoenfeld's rights. *See Smith*, 422 S.W.3d at 805. Schoenfeld and Dr. Gaines were both deposed before trial, and had there been issues related to Dr. Gaines's examination, the parties could have developed them then. Additionally, Schoenfeld's brief does not explain why any concerns about the information that Dr. Gaines obtained when she examined Schoenfeld could not adequately be addressed in motions or objections that he filed either before or during trial. *See id.* at 806-07. The record does not support Schoenfeld's claim that he was deprived of the assistance of counsel. We overrule Schoenfeld's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 30, 2014
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

4